Henry C. Wang (SBN 196537)
Email: hwang@reedsmith.com
William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Michael A. Garabed (SBN 223511)
Email: mgarabed@reedsmith.com
Karen Wan (SBN 248542)
Email: kwan@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

*Attorneys for Plaintiff*
PINKBERRY, INC.

**MADE JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKBERRY, INC., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>PEACHBERRY YOGURT, INC., d/b/a PEACHY YOGURT and PEACHBERRY YOGURT, a California corporation, and MIRA KIM, an individual<br><br>            Defendant. | Case No.  CV 08-05927 GW (FFMx)<br><br>The Honorable George H. Wu<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the parties' stipulation, and good cause appearing, IT IS HEREBY ORDERED that final judgment be and hereby is entered as follows:

1. Pinkberry owns all rights in and to the United States Trademark Registration for the following marks (collectively, "PINKBERRY Marks"), each of which is valid and subsisting:

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS AND SERVICES |
|---|---|---|---|
| PINKBERRY | 3,302,143 | October 2, 2007 | Frozen yogurt; frozen yogurt based dessert, combined with fruit, nuts, cereal and shaved ice and rice cakes; and smoothies |
| PINKBERRY | 3,460,697 | July 8, 2008 | Restaurant services; restaurants; take-out restaurant services, café-restaurants; fast-food restaurants |
| Stylized Leaf and Berry Swirl Design | 3,461,027 | July 8, 2008 | Express restaurant services, food kiosk services, and carry-out restaurant services featuring frozen yogurt-based desserts, frozen dairy desserts, smoothies and shaved ice |
| PINKBERRY & Stylized Leaf and Berry Swirl Design | 3,460,702 | July 8, 2008 | Restaurant services; restaurants; take-out restaurant services; café-restaurants; fast-food restaurants |

2. Defendant Peachberry Yogurt, Inc. ("Peachberry") has used the PEACHBERRY mark and logo depicted in **Exhibit A** hereto (the "PEACHBERRY Marks") in connection with the promotion and sale of the same or similar products as Pinkberry.

3. In or about 2007, Pinkberry demanded Peachberry to cease and desist from using the PEACHBERRY Marks. On June 1, 2007, Pinkberry and Peachberry entered into a settlement agreement (the "2007 Agreement"), wherein Peachberry agreed, among other things, that certain of the PINKBERRY Marks are valid,

enforceable and owned by Pinkberry, that its use of certain of the PEACHBERRY Marks or other confusingly similar marks infringed Pinkberry's statutory and common law rights, and that it would not use the PEACHBERRY Marks or other marks are confusingly similar to the PINKBERRY Marks.  With the exception of retaining its corporate name in the ordinary course of business and not for purposes of the unlawful sale, promotion or advertisement of its services and products, Peachberry further agreed, represented and promised, among other things, to cease and desist all use of certain of the PEACHBERRY Marks.

4. A dispute has arisen between Pinkberry and Defendants Peachberry and Kim (collectively, "Defendants") in that Pinkberry contends that Defendants continue to use PEACHBERRY Marks in connection with the sale, promotion, and advertisement of Peachberry's products and services, allegedly thereby breaching the 2007 Agreement and continuing to infringe upon Pinkberry's statutory and common law rights under the PINKBERRY Marks (the "Dispute").

5. Based on the Dispute, on or about September 10, 2008, Pinkberry commenced an action for damages and equitable relief in the United States District Court for the Central District of California against Defendants, entitled <u>Pinkberry, Inc. v. Peachberry Yogurt, Inc., dba Peachy Yogurt and Peachberry Yogurt and Mira Kim</u>, CV 08-05927 GW (FFMx), asserting claims for breach of contract, federal trademark infringement, federal false designation of origin, California unfair competition, injury to business reputation, and unjust enrichment (the "Action").

6. Defendant Peachberry, for itself and itself alone, agrees and acknowledges that its use of the PEACHBERRY Marks constitutes a breach of the 2007 Agreement.

7. Peachberry has represented to Pinkberry that it will, among other things, comply with the terms and conditions of the 2007 Agreement and cease and desist from all unlawful use of the PEACHBERRY Marks, with the exception of retaining its corporate name in the ordinary course of business and not for purposes of

the unlawful sale, promotion or advertisement of its services and products. To that end, the parties have entered into a Settlement Agreement containing the full terms and conditions of their settlement.

8. Pursuant to the Settlement Agreement containing the full terms and conditions of their settlement, Peachberry has consented to a Permanent Injunction and Consent Judgment as follows:

**A.   Permanent Injunction**

Defendant Peachberry shall be permanently restrained and enjoined from:

(1) using any mark that includes the word "BERRY" in connection with the sale, distribution or promotion of any goods or services that are the same or confusingly similar to Pinkberry's goods or services, including on or with Defendants' signage, uniforms, cups, napkins, decor, menus, banners, advertisements, Internet websites, coupons and any other promotional materials, except that Peachberry may make limited use of the word "berry" in a non-trademark or descriptive fashion to describe berry flavors, ingredients or toppings for their products and except that Peachberry may retain its corporate name in the ordinary course of business and not for purposes of the unlawful sale, promotion or advertisement of its services and products;

(2) using any mark or logo that consists of a "swirl" or "swirl-like" design in connection with the sale, distribution or promotion of any goods or services that are same or confusingly similar to Pinkberry's goods or services, including on or with Defendants' signage, uniforms, cups, napkins, decor, menus, banners, advertisements, Internet websites, coupons and any other promotional materials;

(3) engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive consumers or members of the public that Defendants' actions, sales, services, and/or products are sponsored by, approved by, licensed by, or connected or otherwise affiliated with Pinkberry or its subsidiaries; and

(4) diluting, blurring or tarnishing the distinctive and famous nature of

Pinkberry's name, and the PINKBERRY Marks.

### B. Compliance with Injunction Order

Peachberry shall provide to Pinkberry proof of compliance with this permanent injunction in the form of photographs and a compliance statement. Such proof shall be delivered to Pinkberry's counsel of record every six months for a period of twelve (12) months from the date of entry of this Judgment.

### C. Destruction of Infringing Materials

Within thirty (30) days of entry of judgment for Pinkberry, Peachberry, its subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all persons, firms or corporations in active concert or participation with Peachberry, shall either have destroyed or deliver up for destruction to Pinkberry:

(1) Any and all goods, apparel, merchandise, products, labels, signs, packaging wrappers, containers, advertising or promotional materials, letterhead, business cards, and any other writing materials used in its business, which display, reproduce, consists, or bear the PEACHBERRY Marks;

(2) Any screens, designs, blueprints, drafts, patterns, plates or negatives used specifically in connection with the PEACHBERRY Marks, emblems, symbols, names, designations, terminology; and

(3) Any and all goods, apparel, merchandise, products, labels, signs, packaging wrappers, containers, advertising or promotional materials, letterhead, business cards, and any other writing materials used in its business, which falsely display, reproduce, copy, counterfeit, imitate or bear the PEACHBERRY Marks, photographs, artworks, or any simulation or variant thereof.

### D. Violation of Injunction

Violation of this Consent Judgment and Permanent Injunction shall subject Peachberry to contempt and any remedy available at law or equity, including, but not limited to, injunctive relief, monetary damages and the award of reasonable attorneys'

fees and costs in enforcing this injunction.

### E.  Jurisdiction

This Court shall retain exclusive jurisdiction over any enforcement action of this injunction or alleged breach of the underlying settlement agreements.

### F.  Judgment

Judgment on the cause of action for breach of contract as against Defendant Peachberry Yogurt, Inc. shall be, and is hereby, entered in favor of Plaintiff Pinkberry, Inc.  This Consent Judgment and Permanent Injunction adjudicate all claims for relief asserted in the Action, and all remaining claims against Defendant Peachberry Yogurt, Inc. and all claims against Defendant Mira Kim are hereby dismissed with prejudice. All parties are to bear their own attorneys' fees, costs and expenses.

**IT IS SO ORDERED.**

DATED:  November 20, 2008

_____
GEORGE H. WU
United States District Court Judge